UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLEARVIEW FUNDING GROUP, LLC,

    **Plaintiff,**

v.                                                      Case No.  8:25-cv-293-SDM-AAS

COXON ENTERPRISES, INC., et al.,

    **Defendants.**
_____/

## ORDER

Plaintiff Clearview Funding Group, LLC (Clearview) moves to compel Defendants Coxon Enterprises, Inc. and Florida Property Store, LLC (collectively, the defendants) to respond to its August 1, 2025 requests for production and interrogatories (collectively, Clearview's discovery requests).[1] (Doc. 51). When the defendants failed to timely respond to the motion, the court directed a response by October 22, 2025. (Doc. 49). The court warned the defendants that the failure to respond by the extended deadline would result

---

[1] Although Defendant Darren Lee Coxon filed a suggestion of bankruptcy (doc. 44), an individual's bankruptcy filing does not automatically stay actions against their corporations. The automatic stay provision under 11 U.S.C.A. § 362(a) applies to the debtor and the debtor's property but does not extend to separate legal entities, such as corporations owned by the debtor. *See In re Thompson*, No. 8:22-BK-00740-RCT, 2022 WL 2196746, at *2 (Bankr. M.D. Fla. June 10, 2022).

1

in the motion being treated as unopposed.[2] (*Id.*). To date, no response has been filed.

A party may obtain discovery about any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Discovery helps parties ascertain facts that bear on issues. *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (citations omitted).

A party may move for an order compelling discovery from the opposing party. Fed. R. Civ. P. 37(a). The party moving to compel discovery has the initial burden of proving the requested discovery is relevant and proportional. *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-CV-1185-Orl-22TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quotation and citation omitted). The responding party must then specifically show how the requested discovery is unreasonable or unduly burdensome. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559–60 (11th Cir. 1985). Clearview's discovery requests seek information that is relevant to the present breach of contract action. *Moore v. Lender Processing Servs. Inc.*, No. 3:12-cv-205-J, 2013 WL 2447948 (M.D. Fla June 5, 2013). The defendants did not respond to Clearview's discovery requests.

---

[2] *See* Local Rule 3.01(c), M.D. Fla. ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

Accordingly, Clearview's motion to compel (Doc. 51) is **GRANTED**. By **November 13, 2025**, the defendants must provide responses to Clearview's discovery requests. Clearview's reasonable attorney's fees and expenses incurred in bringing this motion are awarded against the defendants.[3] The parties must confer and attempt to agree on the reasonable amount of attorney's fees and expenses that Clearview incurred in relation to this motion. If the parties cannot agree, Clearview may file a motion with supporting documentation.

**ORDERED** in Tampa, Florida, on October 23, 2025.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[3] Federal Rule of Civil Procedure 37(a)(5)(A) states that if a motion to compel is granted, the court "must" require the opposing party to pay the movant's reasonable expenses, including attorney's fees, incurred in making the motion.